```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```
_____

|                          |   |                  |
|--------------------------|---|------------------|
| TIMOTHY CASTERLOW,       | ) |                  |
|     Petitioner,          | ) |                  |
| vs.                      | ) | No. 04-2253-Ml/V |
| DAVID MILLS,             | ) |                  |
|     Respondent.          | ) |                  |

_____

```
       ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
                       ORDER OF DISMISSAL
            ORDER DENYING CERTIFICATE OF APPEALABILITY
                              AND
            ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
```
_____

Petitioner, Timothy Casterlow, prisoner registration no. 312550, an inmate at the West Tennessee State Prison ("WTSP"), in Henning, Tennessee, filed this petition under 28 U.S.C. § 2254, along with a motion to proceed in forma pauperis. The motion is GRANTED. The Clerk of Court is directed to record the respondent as David Mills. The Clerk shall not issue any process.

I. PROCEDURAL HISTORY

Petitioner was convicted by a Shelby County Criminal Court jury of rape of a child and sentenced to serve a term of 20 years imprisonment. Casterlow appealed challenging the sufficiency of the evidence and alleging reversible error resulting from an allegation that prospective trial jurors were told that they could donate their compensation for jury service to the Victims of Crime Compensation

Fund. The Court of Criminal Appeals affirmed petitioner's conviction. State v. Casterlow, No. W2001-03112-CCA-R3CD, 2002 WL 1869420 (Tenn. Crim. App. Aug. 8, 2002), perm. app. denied, (Tenn. Dec. 23, 2002). Casterlow did not file a post-conviction petition.

Casterlow signed this petition on April 7, 2004. The petition was received and filed by the Clerk on April 9, 2004.

II. ANALYSIS

Casterlow's right to attack his conviction under § 2254 is now directly barred by the amendments to the federal habeas statutes, in the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996)(codified, inter alia, at 28 U.S.C. § 2244 et seq.)("AEDPA"), which created in § 2244(d) a statute of limitations for filing habeas petitions under § 2254. The Court should consider this statute of limitations as a threshold matter. Holloway v. Corcoran, 980 F. Supp. 160, 161 (D. Md. 1997). Section 2244(d) provides:

>  (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the

>   >   applicant was prevented from filing by such State action;
>   >
>   > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   >
>   > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>   >
>   > (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Casterlow's conviction became final on December 23, 2002, when the Tennessee Supreme Court denied his application for permission to appeal. Tenn. R. App. P. 11(b). Casterlow's AEDPA statute of limitations expired on December 23, 2003. Under a straightforward application of § 2244(d) and Austin v. Mitchell, 200 F.3d 391, 393 (6th Cir. 1999), his petition is untimely.

While the Sixth Circuit has ruled that the doctrine of equitable tolling may be invoked to toll the one-year limitation period applicable to § 2255 motions and habeas petitions, Casterlow makes no proffer of circumstances that would toll the statute. Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir.

3

2001)(approving test for equitable tolling set forth in <u>Andrews v. Orr</u>, 851 F.2d 146 (6th Cir. 1988)).  The five parts of the test are:

> (1) the petitioner's lack of notice of the filing requirement;
> (2) the petitioner's lack of constructive knowledge of the filing requirement;
> (3) diligence in pursuing one's rights;
> (4) absence of prejudice to the respondent; and
> (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

<u>Andrews</u>, 851 F.2d at 150.

Casterlow fails to allege any circumstances which prevented him from inquiring about additional remedies before the expiration of the AEDPA statute.  Ignorance of the time requirements for filing does not toll the limitations period.  <u>See</u> <u>United States v. Baker</u>, 197 F.3d 211, 218-19 (6th Cir. 1999)(in direct criminal appeal, court noted that accepting an ignorance-of-the-law excuse would encourage and reward indifference to the law); <u>see also</u>, <u>Fisher v. Johnson</u>, 174 F.3d 710, 714-15 (5th Cir. 1999)("ignorance of the law, even for an incarcerated <u>pro se</u> prisoner, generally does not excuse [late] filing.").  Casterlow alleges no facts supporting any inference that, using due diligence, he could not have discovered the factual predicate for these claims within the statutory period mandated by the AEDPA.  The claims raised in this habeas petition were presented on direct appeal.

Petitioner's delay in seeking habeas relief displays a marked lack of diligence in pursuing his rights.  Thus, the Court

determines that the application of equitable tolling is inappropriate under these circumstances. This petition is clearly barred by the AEDPA statute of limitations.

Therefore, as it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," summary dismissal prior to service on the respondent is proper. Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. The petition is DISMISSED.

III. APPEAL ISSUES

The Court must also determine whether to issue a certificate of appealability. Twenty-eight U.S.C. § 2253(c) provides:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>  (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>  (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997), held that district judges may issue certificates of

appealability under the AEDPA. The Court also held that the AEDPA codifies in amended § 2253 the standard for issuing a certificate of probable cause found in prior § 2253, which was essentially a codification of Barefoot v. Estelle, 463 U.S. 880, 893 (1983). See Lyons, 105 F.3d at 1073; see also Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

> [P]robable cause requires something more than the absence of frivolity . . . and the standard for issuance of a certificate of probable cause is a higher one than the "good faith" requirement of § 1915. . . . [A] certificate of probable cause requires petitioner to make a substantial showing of the denial of [a] federal right. [A] question of some substance, or a substantial showing of the denial of [a] federal right, obviously [does not require] the petitioner [to] show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.

Barefoot, 463 U.S. at 893 (internal quotations and citations omitted). In this case, for the reasons discussed above, the petitioner's claims are clearly barred by the AEDPA statute of limitations, and he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore DENIES a certificate of appealability.

Also in regards to any appeal, the United States Court of Appeals for the Sixth Circuit has held that the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), does not apply to appeals of orders denying § 2254 petitions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997); cf. McGore v. Wrigglesworth, 114

F.3d 601 (6th Cir. 1997)(instructing courts regarding proper PLRA procedures in prisoner civil rights cases). Rather, to seek leave to appeal in forma pauperis in a § 2254 case, and thereby avoid the $255 filing fee required by 28 U.S.C. §§ 1913 and 1917,[1] the petitioner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure (F.R.A.P.). Kincade, 117 F.3d at 952. If the motion is denied, the petitioner may renew the motion in the appellate court.

> F.R.A.P. 24(a) states, in pertinent part that:
>
> A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith, and to deny the certificate if the appeal would be frivolous. In this case, for the same reasons that the Court denied a certificate of appealability the Court determines that any arguments petitioner might present on

---

[1] The fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

appeal would lack even arguable merit.  The Court thus determines that any appeal in this case would not be taken in good faith.  It is therefore CERTIFIED, pursuant to F.R.A.P. 24(a), that any appeal in this matter by this petitioner is not taken in good faith and he may not proceed on appeal in forma pauperis.

    IT IS SO ORDERED this 2nd day of June, 2006.

                                /s/ Jon P. McCalla
                                JON PHIPPS MCCALLA
                                UNITED STATES DISTRICT JUDGE